Susan Smith & others *vs.* Henry A. Smith & another.

A will, after directing the testator's debts and funeral expenses to be paid and giving legacies to his two sons, proceeded thus: "I give, devise and bequeath to my beloved wife, for her benefit and for the proper maintenance and education of my two daughters, all my personal property and all the real estate which may remain after the debts and expenses aforesaid and the legacies . . . . shall have been paid, and the use, improvement and income thereof; to have and to hold the same so long as she shall remain my widow, or until her second marriage; but in case of her second marriage, when she shall have ceased to remain my widow, all the personal and real estate I hereby give, demise and bequeath to my wife aforesaid and to my two daughters, to be divided by them equally." *Held*, that by the true construction of the will the widow took the whole residue of the estate, after payment of the debts and specific legacies, in trust during widowhood; one third thereof in fee, and the other two thirds to hold during widowhood, with remainder in fee to the two daughters.

Bill in equity brought by the widow and two daughters of Nathaniel Smith, deceased, to obtain a construction of the will of said Nathaniel, the material portions of which are as follows:

" First : I hereby constitute and appoint my brother Benjamin Smith of Boston . . . . to be sole executor of this my last will, directing my said executor to pay all my just debts and funeral expenses and the legacies hereinafter given, out of my estate.

" Second : After the payment of my said debts and funeral expenses, I give to my son Henry A. Smith two thousand dollars, to be paid within one year after my decease if so soon required by him.

" Third : I also give, devise and bequeath to my son Nathaniel Smith the sum of two thousand dollars, when he (the said Nathaniel) shall arrive to the age of twenty-one years.

" Fourth : And for the further payment of the legacies aforesaid, I give, devise and bequeath to my beloved wife Susan Smith, for her benefit and for the proper maintenance and education of my two daughters, Eliza Smith and Susan Smith, all my personal property and all my real estate which may remain after the debts and expenses aforesaid, and the legacies of the said Henry A. and Nathaniel shall have been paid, and the use, improvement and income thereof; to have and to hold the same so long as she shall remain my widow, or until her second

marriage; but in case of her second marriage, when she shall have ceased to remain my widow, all the personal and real estate I hereby give, demise and bequeath to my wife aforesaid, the said Susan Smith, and to my two daughters, the said Eliza Smith and Susan Smith, to be divided by them equally."

The will was proved in 1844. One of the sons of the testator has since died, leaving one son, and he and the surviving son of the testator are the defendants in this suit; and the plaintiffs and defendants are all the persons interested in the testator's estate. The debts and legacies to the sons were duly paid. The testator's widow entered into possession of the estate, after his decease, and has since held the same, remaining unmarried. The whole estate was appraised at $17,401; and the debts were less than $100.

The defendants contended that in case she should die unmarried the remainder of the estate would descend as intestate property.

The case was reserved by *Hoar*, J., for the determination of the whole court.

*F. E. Parker*, for the plaintiffs. The will is illiterate, confused and hasty; and in construing such a will the court will make such transpositions as to make it intelligible. If read thus, the will shows an intention to dispose of the whole estate, and not to die intestate as to any part of it; and to provide for every member of the family. The testator considered the legacies to his sons as a sufficient provision for them, as appears from his express exclusion of them from any further share of his estate in the event of his widow's second marriage; and he intended to leave the residue to the widow, in trust for the benefit of herself and the daughters. That it was a trust, see *Raikes* v. *Ward*, 1 Hare, 445; *Thorp* v. *Owen*, 2 Hare, 607; *Woods* v. *Woods*, 1 Myl. & Cr. 401. The words of the fourth clause should be transposed, so that the words "but in case of her second marriage" should come before the words "to have and to hold the same so long as she shall remain my widow." That transposition makes the sense clear, and gives a fee to the trustee, under Rev. Sts. *c.* 62, § 4. The authorities sanction such

transposition. *Doe* v. *Allcock*, 1 B. & Ald. 137. *Brimmer* v. *Sohier*, 1 Cush. 118. 1 Redfield on Wills, 468. The testator is thus prevented from dying intestate as to any part of his estate ; and this construction is favored by law. *Hunt* v. *Hunt*, 11 Met. 97. *Doe* v. *Hicks*, 7 T. R. 437. The other construction would give a bounty to the widow, in case of her second marriage ; and in case of her not marrying again, would punish the daughters.

*H. G. Parker*, for the defendants. If the construction contended for by the plaintiffs is correct, all of the last half of the fourth clause is to be rejected as useless and without meaning; and especially the words, " to have and to hold the same so long as she shall remain my widow." But all the words of a will must be retained, if they convey an intelligible meaning. These words are universally construed to create only a life estate, at the most. *Parker* v. *Parker*, 5 Met. 134. *Nickerson* v. *Bowly*, 8 Met. 424. The words " use, improvement and income " also have a tendency to show that only a life estate was intended to be given *Bowers* v. *Porter*, 4 Pick. 204. *Fay* v. *Fay*, 1 Cush. 104. The widow and daughters take only the income, so long as the widow remains unmarried, and in case she dies unmarried the property takes the course of intestate property. *Raymond* v. *Morse*, 4 Gray, 248. *Phifer* v. *Phifer*, 6 Ired. Eq. 155. *Pryor* v. *Dunkle*, 2 Wash. C. C. 416.

By THE COURT. The true construction of the will of Nathaniel Smith gives to his widow the whole residue of his estate, after payment of the debts and legacies to his sons, in trust during widowhood ; one third thereof in fee, and the other two thirds to hold during widowhood with remainder in fee to the two daughters. *Decree accordingly.*